{¶ 46} I agree with Judge Edwards, reliance on Pegan v. Crawmer to support the trial court's decision is misplaced. Pegan is distinguishable in that it began as a paternity action and is unique because of the creation of the Domestic Relations Division of the Licking County Court of Common Pleas in 1991. R.C. 2301.03(S) gave that newly created court exclusive jurisdiction over post-decree proceedings in parentage actions. The Pegan court's justification for continuing jurisdiction relies on R.C. 3111.13(C). That section is specific to judgments determining the existence or nonexistence of the parent and child relationship. No such determination was made in the case sub judice. In the instant matter, the prior juvenile case wherein Cindy Vidro was given legal custody is not subject to continuing jurisdiction by the domestic relations division as a result of R.C. 3111.13(C). As noted by Judge Edwards, the support order being challenged in the case sub judice is payable to the mother of the child, not Cindy Vidro. The order emanates from a separate case number in the Domestic Relations Division, not the same juvenile case number wherein Vidro was granted custody.
 {¶ 47} I agree with Judge Edwards the failure to file the UCCJA in the dissolution action does not preclude enforcement of a child support order therein. Although the validity of the custody determination made therein may be subject to collateral attack, the child support order is independently supportable under a parent's common law duty to support his or her child.[1]
[1] I find reconsideration of CSEA v. Sanders, and R.C. 2151.231, unnecessary to determine this case as appellant has not challenged the right of the trial court to issue the child support order on the basis appellee is not the legal custodian. Appellant has not asserted a violation of R.C. 3119.07(C), as was raised in Sanders.